IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA STOKES, AS ADMINISTRATRIX FOR THE ESTATE OF MATTHEW J. MUNRO,       Plaintiff | : : : : : : | CIVIL ACTION<br><br>NO. 08-3775 |
| v. | : : | |
| NATIONAL RAILROAD PASSENGER CORP., et al.,       Defendants | : : : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                              October 7th, 2009

        This is a wrongful death and survival action for damages against the National Railroad Passenger Corporation and one of its engineers, Robert W. Knaub, in connection with a train-pedestrian collision which occurred at the South Market Avenue crossing in Mount Joy, Pennsylvania. This crossing has been closed to public vehicular traffic since approximately 1948, and currently is a pedestrian-only crossing on which the public has a free and lawful right to cross over Amtrak's right of way and tracks. On August 11, 2006, Matthew Munro, the deceased son of the plaintiff, was struck by a westbound Amtrak train as he was crossing the tracks on his skateboard while listening to music with earphones.

        The complaint alleges that Amtrak was negligent by, *inter alia*, failing to provide adequate forms of warning devices to alert the public of the approach of trains; failing to eliminate or reduce the dangers presented to pedestrians at that crossing; failing to close

the pedestrian closing; and designing and/or constructing the crossing in a way that made it dangerous for its use.

The plaintiff has requested the deposition of Mr. Keith Holt, Amtrak's Deputy Chief Engineer of Communication and Signals.  Amtrak anticipates that the plaintiff will question Mr. Holt about whether Amtrak had ever conducted any meetings, held any discussions, prepared any reports, and/or made any findings concerning the existing and/or elimination of any dangers associated with the crossing.  In response, Mr. Holt could possibly refer to a study dated February 2006 and prepared by Amtrak in connection with a joint safety enhancement venture with the Department of Transportation of Pennsylvania.  The study is entitled, "Conceptual Study for Elimination of Private Grade Crossings & Public Pedestrian Crossing," and discusses the potential need to eliminate three specific crossings in Lancaster County, Pennsylvania, one of which is the location where the accident occurred in this case just six months later.

The defendants have moved for a protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to preclude the plaintiff from obtaining a copy of the study or any information about it.  They also seek the plaintiff to be barred from referring to the study in any way during the trial.  The defendants argue that this study is protected from discovery pursuant to 23 U.S.C. § 409, which provides:

> Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 148 of this title [23 U.S.C.S. §§ 130, 144, and 148] or for the

> purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.

23 U.S.C. § 409. The Supreme Court of the United States has recognized that statutes establishing evidentiary privileges must be construed narrowly because privileges impede the search for the truth. Pierce County, Washington v. Guillen, 537 U.S. 129 (2003); see also St. Regis Paper Co. v. United States, 368 U.S. 208 (1961) (statutory privileges should be strictly construed so as to avoid a construction that would suppress otherwise competent evidence). The burden is on the defendants to prove that the information they seek to protect falls squarely within the statute. The defendants insist that the study is protected from discovery because the crossing is considered a "railway-highway crossing" under Section 130[1] as defined by 23 U.S.C. § 101(a)(11), and because the study is a report which was created for the purpose of identifying, evaluating, or planning the safety enhancement of the crossing as a potential accident site. The plaintiff disagrees and argues that § 409 is inapplicable here because the South Market Street crossing is not a "highway," as contemplated by the statute. The section which defines the term "highway," however, proves otherwise:

---

[1] Title 23 of the U.S. Code, Section 130 addresses the cost of construction of projects for the elimination of hazards of railway-highway crossings, including the separation or protection of grades at crossings, the reconstruction of existing railroad grade crossing structures, and the relocation of highways to eliminate grade crossings.

  (11) Highway – The term "highway" includes:

    (A) a road, street, and parkway;

    (B) a right of way, bridge, railroad-highway crossing, tunnel, drainage structure, sign, guardrail, and protective structure, in connection with a highway; and

    (C) a portion of any interstate or international bridge or tunnel and the approaches thereto, the cost of which is assumed by a State transportation department, including such facilities as may be required by the United States Customs and Immigration Services in connection with the operation of an international bridge or tunnel.

23 U.S.C. § 101(a)(11). It is undisputed that the crossing is lawfully used by public pedestrians for the purpose of crossing over the strip of land which contains Amtrak's railroad tracks to gain access to the north and south sides of Market Street. Thus, the crossing can be considered either a right-of-way in connection with a highway, or a railway-highway crossing. That the traversing at this crossing is done on foot rather than in a vehicle is of no import here. Congress did not limit the definition of "highway" to roads or other rights of way on which motor vehicles travel. In addition to "right of way," "bridge," and "railroad-highway crossing," Congress included in the statutory definition of highway the words "tunnel," "drainage structure," "sign," "guardrail," and "protective structure," none of which require vehicular travel. Furthermore, because the study relates to the possible identification, evaluation and planning of safety enhancements of potential accident sites, hazardous roadway conditions, or railway-highway crossings, it falls within the scope of Section 409. Accordingly, I will grant the defendants' motion for protective Order, and preclude the plaintiff from obtaining a copy of or any information

concerning the report entitled "Conceptual Study for Elimination of Private Grade Crossings & Public Pedestrian Crossing," dated February 2006; and from referring to that report in any way at trial.

     An appropriate Order follows.